UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| PAM LA FOSSE, et al.,<br><br>Petitioner,<br><br>v.<br><br>WINCO FOODS, LLC,<br><br>Respondent. | Case No. 1:21-mc-00594-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

# INTRODUCTION

Before the Court is Petitioner's Motion to Enforce Third-Party Subpoena Duces Tecum. (Dkt. 1). Petitioner filed an affidavit certifying that Respondent WinCo Foods LLC was served with the motion and supporting documents on July 14, 2021. WinCo failed to file a response within the allotted time, therefore the Court must decide the motion based on the La Fosse's briefing. For the reasons outlined below, the Court will grant La Fosse's motion to enforce the subpoena.

# BACKGROUND

This case concerns a subpoena that was served on Boise-based WinCo Foods LLC by the Petitioners, who are plaintiffs in *LaFosse v. Sanderson Farms, Inc.*, 19-cv-06970. The *LaFosse* case is pending in the Northern District of

MEMORANDUM DECISION AND ORDER - 1

California. The plaintiffs allege the defendants falsely marketed Sanderson Farms chicken as "100% Natural." Petitioners served the subpoena on April 7, 2021, seeking information necessary to their case that is not available anywhere else. On June 16, 2021, WinCo claimed it would be costly and burdensome to provide sales information, and that it only had data beginning in 2019, not 2015, but that it would produce advertising data "early next week." Petitioners' counsel responded on June 17, 2021 with suggestions to minimize the burden on Winco. Petitioners have received neither the promised advertising documents, nor any further response from WinCo. Petitioners asks the Court to enforce the subpoena with respect to the requested sales data and advertising material.

## LEGAL STANDARD

Federal Rule of Civil Procedure 45 governs discovery of nonparties by subpoena. Under Rule 45, "[a] subpoena must issue from the court where the action is pending." Fed. R. Civ. P. 45(a)(2). However, the authority to decide a motion to compel arising out of that subpoena is vested with the court where compliance is required. See Fed. R. Civ. P. 45(d)(2)(B)(i) ("At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection." (emphasis added)); Fed. R. Civ. P. 37(a)(2) ("A motion for an order to a party must

MEMORANDUM DECISION AND ORDER - 2

be made in the court where the action is pending. A motion for an order to a nonparty must be made in the court where discovery is or will be taken."); Adv. Comm. Notes to 2013 Amend. to Rule 45 ("Subpoenas are essential to obtain discovery from nonparties. To protect local nonparties, local resolution of disputes about subpoenas is assured by the limitations of Rule 45(c) and the requirements in Rules 45(d) and (e) that motions be made in the court in which compliance is required under Rule 45(c)."). In short, subpoenas are issued from the court where the action is pending; while motion practice arising out of those subpoenas is decided by the court where compliance is required (unless that court transfers the dispute to the court where the action is pending).

Here, the subpoena was issued from the Northern District of California, where the action is pending. The place of compliance is "within the state where the person resides, is employed or regularly transacts business in person." Fed. R. Civ. P. 45(c)(1)(B). Winco Foods LLC is a Boise-based company, therefore this Court is authorized to decide whether compliance is required.

Under Rule 45(d)(2)(B) an objection to a subpoena "must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served." Failure to timely serve an objection constitutes a waiver of all grounds for objection. *McCoy v. Southwest Airlines Co.*, 211 F.R.D. 381, 385 (C.D. Cal. 2002).

MEMORANDUM DECISION AND ORDER - 3

Here, Petitioners served WinCo on April 7, 2021, and the time required for compliance was April 23, 2021. On June 16, 2021, Winco informed Petitioners by email that it would be costly and burdensome to provide sales information. However, this response was well over 14 days after the subpoena was served and after the time required for compliance. The Court finds that WinCo's failure to timely serve an objection constitutes a waiver. Therefore, WinCo is required to fully and completely respond to the subpoena under Rule 45. Accordingly, the Court will enforce the subpoena duces tecum and order WinCo to produce the sales and advertising data as requested by Petitioners.

## ORDER

**IT IS ORDERED that:**

1. Petitioners' Motion to Enforce Subpoena Duces Tecum (Dkt. 1) is **GRANTED**. WinCo shall comply with Rule 45 and respond to the subpoena and produce all responsive sales and advertising data as requested by Petitioners without objections no later than October 18, 2021.

DATED: October 4, 2021

B. Lynn Winmill
U.S. District Court Judge